CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
APR 1 6 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:12CR00026-001 |
| v. ) | OPINION |
| ) | |
| WILLIAM BRYAN YOUNG, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate sentenced by this court, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive to the defendant's case by USSG § 1B1.10(d).

The court may reduce the term of imprisonment of a defendant made eligible under § 1B1.10, "after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the §

3553(a) factors, the court may consider public safety concerns as well as the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. 1(B) (ii), (iii).

When originally sentenced, the defendant was determined to have an advisory imprisonment range of 87 months to 108 months, based upon an Offense Level of 29, with a Criminal History Category of I. The defendant was sentenced to 108 months of incarceration, at the high end of that range. Because of Amendment 782, the new guideline range applicable to the defendant is 70 months to 87 months, based upon a new Offense Level of 27.

As required, I have considered all of the relevant factors, including those emphasized in the defendant's motion. While I find that it is appropriate to reduce the defendant's sentence, I believe that a sentence of 87 months is appropriate in light of the nature of the defendant's criminal conduct in this case. The reduced sentence is comparable to the defendant's original sentence, and is a sufficient but not greater than necessary sentence, even in light of the defendant's post-sentencing conduct and rehabilitation efforts.

A separate Order will be entered herewith.

ENTER: 4/15/15

*[signature]*
United States District Judge

-2-

Case 2:12-cr-00026-JPJ-PMS   Document 123   Filed 04/16/15   Page 2 of 2   Pageid#: 330